UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO, <br><br>   Plaintiff, <br><br>   v. <br><br> JAMES YATES, et. al, <br><br>   Defendants. | Case No.: 1:11-cv-01885 AWI JLT (PC) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and in forma pauperis. (Doc. 1 and 4). Pending before the Court is Plaintiff's complaint filed on November 14, 2011. (Doc. 1). As is required, the Court now screens the complaint, and for the reasons set forth below, the Court **DISMISSES** the complaint and **GRANTS** Plaintiff **leave to amend**.

I.  SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

## II. PLEADING STANDARDS

The Federal Rules of Civil Procedure govern the general rules for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.    THE COMPLAINT

During the period relevant to his Complaint, Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") located in Coalinga, California. (Doc. 1 at 1). Plaintiff's complaint is brought against James Yates and the California Department of Corrections ("CDC") for the actions of unnamed corrections officers at PSVP. Id. at 2-4.

Plaintiff has been taking antidepressant medication since the age of fifteen, and was taking antipsychotic medication at the time alleged in the complaint.[1] Id. at 3. At some point, Plaintiff suffered from Valley Fever, bladder problems, and was unable to urinate due to an undisclosed prostate condition. Id. at 2. On a day when Plaintiff suffered from these three conditions, Plaintiff was lying in his cell when a correction officer required that Plaintiff provide submit to a urinalysis test. Id. Plaintiff refused to undergo testing, stating that he could not stand and had bladder and prostate problems. Id. Plaintiff complains that the correctional officers chose Plaintiff for urinalysis testing because of his medical disability.[2] Id. It appears that prison officials disciplined Plaintiff for his failure to provide a urine sample.[3] Id.

In addition to the above mentioned medical conditions, Plaintiff suffered from a deteriorating "disk lumbar." Id. at 3. Doctors did not give him any medication for his pain and ignored him. Id.

---

[1] The Court notes that Plaintiff does not set forth any dates in the body of his complaint. *See generally,* (Doc. 1).
[2] Plaintiff concludes that was in retaliation for his request to reverse his conviction but there are no facts alleged to support this conclusion. *See generally,* (Doc. 1).
[3] Plaintiff indicates that this somehow evidenced obstruction of justice and double jeopardy, but there are no facts alleged to support these conclusory remarks. *See generally,* (Doc. 1).

Plaintiff told unnamed correction officers about this condition. Id. Plaintiff indicates that he experienced pain when he walked and could not perform any "extra duty." Id. Despite his medical condition, Plaintiff avers that unnamed correctional officers abused him by requiring him to clean a wall and perform "extra work." Id.

## IV. ANALYSIS

### A. Plaintiff does not state any cognizable constitutional claims.

In his complaint, Plaintiff essentially maintains that his constitutional rights were violated when prison officials ignored Plaintiff's medical condition, singled him out for a urine test, and forced him to perform additional "duty" work. These factors trigger potential Eighth and Fourth Amendment violations. The Court addresses each of these claims as follows:

#### 1. Eighth Amendment Violation.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). A prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, A prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official

"must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Here, Plaintiff provides the Court with nothing more than conclusory statements. For example, statements such as "doctors did not give me medicine," being forced to perform "extra duty" work, and "abusing me by [making me] clean[] a wall" do not give Defendants fair notice of the claims against them, and the grounds upon which the complaint stands. Swierkiewicz, 534 U.S. at 512.

Plaintiff provides no indication whatsoever that prison officials acted with a culpable state of mind needed to show "deliberate indifference." Plaintiff notes that he told "them" or prison staff about his pain and that "they" forced him to perform extra work. The generic terms "them" or "they" do not indicate to the Court whether the prison officials who ordered Plaintiff to perform "extra work" were on any type of notice concerning Plaintiff's alleged medical conditions.

Finally, Plaintiff claims he was provided inadequate medical care. To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). In regard this claim, Plaintiff only indicates that doctors did not give him medication and ignored him. Plaintiff does not indicate which doctors ignored him or provide the Court with any information beyond his conclusory remarks.

The Court finds that Plaintiff does not state any cognizable claim under the Eighth Amendment. For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint and Plaintiff is **GRANTED leave to amend.**

///

2. **Fourth Amendment Violation**

The Court recognizes that a urinalysis test is considered a search or a seizure under the Fourth Amendment. Thompson v. Souza, 111 F.3d 694, 701 (9th Cir. 1997)(*citing* Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 617 (1989)). A urinalysis test must be performed in a reasonable manner to comply with the Fourth Amendment. Thompson, 111 F.3d at 701. The Ninth Circuit Court of Appeals determines "reasonableness" by analyzing whether a urinalysis test was "reasonably related to a penalogical interest." Id. at 702. However, as the United States Supreme Court has held, prison officials are given a "wide-ranging deference in the adoption and execution of policies and practices that in their personal judgment are needed to preserve internal order and discipline." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Here, Plaintiff did not undergo the urinalysis test. The Court need not discuss the matter any further because Plaintiff did not sustain any actual injury traceable back to the Defendants that would give Plaintiff a case in controversy. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The Court lacks jurisdiction to consider the matter of the urinalysis test. Lewis, 494 U.S. at 477. The Court finds that Plaintiff does not state any cognizable claim under the Fourth Amendment. Therefore, the Court **DISMISSES** Plaintiff's complaint and Plaintiff is **GRANTED leave to amend.**

**B. Plaintiff cannot maintain a § 1983 action on the theory of *respondeat superior*.**

Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris

v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

In his complaint, Plaintiff has fails to allege any underlying constitutional violations. Assuming *arguendo* that he had stated a cognizable constitutional violation, Plaintiff's complaint must still be dismissed as to Defendant Yates as it fails on the theory of *respondeat superior*. While it appears that Plaintiff seeks to hold Defendant Yates liable for the actions of the prison officials on a theory of *respondeat superior,* nowhere in the body of his complaint does Plaintiff mention Defendant Yates. Furthermore, Plaintiff does not indicate that Defendant Yates knew of any violations or was somehow personally caused the injuries alleged. As such, the Court **DISMISSES** Plaintiff's complaint against Defendant Yates and **GRANTS** Plaintiff **leave to amend.**

### 3. The California Department of Corrections is entitled to Eleventh Amendment Immunity.

The Eleventh Amendment provides: "The Judicial power the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Constitution, amend. XI*. Therefore, the Eleventh Amendment prohibits federal jurisdiction over claims against a state, unless the state has consented to suit. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

Here, Plaintiff names the CDCR as a defendant. (Doc. 1 at 1) However, as a department of the State of California, unless it has explicitly waived its immunity from suit in the federal court, it is not amenable to suit. Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir.2005); Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999). The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, (1985)). Further, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities" Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007) (citations omitted) and precludes the adjudication of pendent state law claims against non-consenting state defendants in federal courts. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973-74 (9th Cir.2004). Plaintiff has failed to allege facts that the CDCR is a

proper defendant in this action. Therefore, the complaint as to the CDCR is **DISMISSED**.

## V.      LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.</u>**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.     CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1.      Plaintiff's complaint is (Doc. 1) is **DISMISSED**;

2.      Plaintiff is **GRANTED** twenty-one (21) days from the date of service of this order to **file an amended complaint** that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3.      The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

///

///

4.     **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **March 26, 2013**                          **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE