## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE MALDONADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES, et al.<br><br>　　　　Defendants. | Case No.: 1:11-cv-01885 - AWI - JLT (PC)<br><br>FINDING AND RECOMMENDATION OF DISMISSAL WITHOUT LEAVE TO AMEND<br><br>(Doc. 8) |

　　　　Plaintiff Billy Rae Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 5, 2013, the Court dismissed Plaintiff's first amended complaint and granted him leave to amend. (Doc. 11 at 7).  Plaintiff timely filed his second amended complaint on June 16, 2013, (Doc. 12), which the Court now screens pursuant to 28 U.S.C. § 1915A.[1]

　　　　For the following reasons, the Court **FINDS** that Plaintiff again fails to state a cognizable claim and **RECOMMENDS DISMISSAL** of this matter **without leave to amend.**

///

///

---

[1] Plaintiff previously named James Yates, the Warden of PVSP, the California Department of Corrections, J.M. Wooded, and P. Soares as defendants in his original and first amended complaint. (Doc. 1 and 8).  It appears that Plaintiff does not assert a claim against these defendants in his second amended complaint. (Doc. 12).  Therefore, it is recommended that these defendants be **DISMISSED** from this matter.

## I. SCREENING REQUIREMENT

Plaintiff is seeking redress from governmental employees in a civil action. Thus, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 1949) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on

its judicial experience and common sense." Id. at 1950.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## III. SECOND AMENDED COMPLAINT

At all times relevant to the complaint, Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP"). (Doc. 12 at 1-3). Plaintiff names N. Greene, a correctional sergeant at PVSP, as a defendant in this matter. Id. at 1-2. In addition, Plaintiff joins the following PVSP correctional officers as defendants: S. Mendoza, L. Navarro, and E. McBride. Id. at 3. Plaintiff's second amended complaint is summarized as follows:

On February 6, 2008, Defendant Mendoza randomly selected and ordered Plaintiff to submit to a urinalysis test. (Doc. 12 at 3). As Plaintiff suffered from an undisclosed problem with his prostate and bladder condition, he was unable to provide a urine sample. Id. Plaintiff offered instead to submit to a blood test, but Defendant Mendoza declined. Id.

It appears that Plaintiff's refusal to urinate resulted in disciplinary action taken against him and he received a CDC-115 rules violation report on February 11, 2008. Id. Consequently, Plaintiff lost the privileges of "showers[,] yard time[,] religious services[,] phone calls[,] packages[,] and day room for 90 days." Id. On April 2, 2008, he received the second CDC-115 for the same offense and same circumstances of the failure to urinate. Id.

## IV. DISCUSSION AND ANALYSIS

### A. Plaintiff again fails to state an Eighth Amendment claim.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

3

from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (*citing* Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991). A prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (*quoting* Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, A prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff fails to meet both the objective and subjective elements of an Eighth Amendment claim. Plaintiff appears to generally assert an Eighth Amendment claim of cruel and unusual punishment for "showers[,] yard time[,] religious services[,] phone calls[,] packages[,] and day room for 90 days." (Doc. 12 at 3). However, he provides no factual support for this allegation. Despite the fact that the Court explicitly advised that "[s]hould Plaintiff wish to amend his Eighth Amendment claim, he [] must clearly set forth the who, the why and the how of his claim," (Doc. 11 at 7 n. 6), he has failed to do so.

While the loss of shower and outdoor facilities could be objective deprivations under the Eighth Amendment, *See e.g.*, Spain v. Procunier 600 F.2d 189 (9th 1979)(loss of outdoor recreation privileges for a period of years was cruel and unusual punishment), Plaintiff fails to indicate *who*

deprived him of shower privileges.[2] From the facts alleged, it seems that none of the named defendants imposed this deprivation and that only Mendoza had a role in requesting the urine sample be provided. Given the lack of factual support for this allegation, the Court is at a loss to determine whether this deprivation rose to the level of a constitutional violation or, if it did, that any of the defendants may be held liable therefor. Furthermore, the mere issuance of a CDC 115 report is well within the discretion of prison officials for conduct that is not in conformity with the rules of the facility. Liability may be imposed only where the RVR was determined without adequate due process—an allegation which is not made here.[3] Instead, it appears Plaintiff claims that because he doesn't believe that Mendoza should have demanded a urine sample or should have accepted a blood sample instead, he should be held liable for the discipline that was imposed after the RVR hearing. However, given the facts plead here, Mendoza is liable only for his own unconstitutional conduct.

The Court previously advised Plaintiff of the standards needed to assert an Eighth Amendment claim of cruel and unusual punishment. (Doc. 7 at 4-5; Doc. 11). Despite the Court's lengthy explanation in its prior orders, Plaintiff again fails to state a cognizable claim. Thus, the Court concludes this failure is due to the fact that Plaintiff cannot do so. As a result, the Court concludes further that it would be futile to permit Plaintiff to again amend his complaint.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, for the aforementioned reasons, the Court **RECOMMENDS** that this matter be **DISMISSED WITHOUT LEAVE TO AMEND.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. <u>Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.</u> Such a document should be captioned "Objections to Magistrate Judge's Findings and

---

[2] Seemingly, Plaintiff blames the officer who demanded the urine samples for his, ultimately, being determined to have violated the rules. However, there is no factual support that Mendoza issued Plaintiff the RVR or that he was even aware that an RVR was issued.

[3] Even if he does make this contention, it does not appear that any of the defendants named in this lawsuit was the hearing officer(s) at the RVR hearing where the discipline was determined and imposed.

Recommendations." **Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 24, 2013**                                         /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE